UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YASHKARAN SINGH SINGH,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No.  1:26-cv-05399-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. No. 2)

On July 13, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On July 14, 2026, the court issued an order setting a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 6.)

On July 14, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 6.)  In that opposition, respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (Doc. No. 6 at 2–4), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents do not

1

oppose the court resolving the underlying habeas petition based on the briefing currently before the court.  (Doc. No. 6 at 3.)

Based upon a review of the briefing, the court finds the following facts.  On September 3, 2023, petitioner entered the United States.  (Doc. No. 1 at ¶ 2.)  Shortly thereafter, petitioner encountered immigration authorities, was detained by those authorities, and was released on his own recognizance subject to certain conditions on September 3, 2023.  (*Id.*)  On July 11, 2026, petitioner was re-detained by immigration authorities.  (*Id.* at ¶ 9.)

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release.  Respondents argue only that § 1225(b)(2)(A) mandates petitioner's detention, a proposition which the court has rejected above, and do not identify an alternative statutory basis for petitioner's detention.  Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

      a.      Respondents are ORDERED to immediately release petitioner Yashkaran Singh Singh, A-File No. 241-496-019, from respondents' custody on the conditions, if any, he was subject to prior to his detention on July 11, 2026;

      b.      Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

/////

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **July 15, 2026**                        _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE